# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ASHRAF QATOUM** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-9712** |
| **JAMES LEBLANC, WARDEN** | **SECTION "S"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

**PROCEDURAL HISTORY**

On January 26, 2001, petitioner, Ashraf Qatoum,[1] presently incarcerated in the Dixon Correctional Center, was found guilty, following trial by jury in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, of aggravated arson and was sentenced to a ten-year term of imprisonment. On January 28, 2003, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction, but remanded the matter for resentencing because the trial court failed to impose upon petitioner the mandatory fine of "not more than twenty-five thousand dollars" set forth in La. R.S. 14:51. *See State v. Qutoum*, No. 2002-KA-780, 839 So.2d 323 (La. App. 5 Cir. 2003). On May 30, 2003, the Louisiana Supreme Court denied petitioner's writ application. *See State v. Qutoum*, 845 So.2d 1059 (La. 2003). Ninety days later, on August 28, 2003, petitioner's conviction became final when the delays for seeking a writ of certiorari from the U.S. Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000) (citing 28 U.S.C. §2244(d)(1)(A)); *see also United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000).

On May 21, 2004, petitioner, through counsel, filed with the state district court an application for post-conviction relief, raising the following claims: 1) His constitutional

---

[1] Although petitioner spells his last name "Qatoum" in the instant petition, in his first habeas petition, No. 05-6630, discussed *infra*, and in his state court proceedings, petitioner is referred to as "Qutoum".

rights were violated by virtue of the trial court's failure to provide him with an interpreter; 2) his constitutional rights were violated by virtue of the prosecution's failure to provide any notice of its intent to introduce an alleged confession; 3) he received ineffective assistance of counsel; 4) he received an unconstitutionally excessive sentence; and, 5) he was indicted by an unconstitutionally constituted grand jury.[2] On May 27, 2004, the state district court issued an opinion denying claim 3) (ineffective assistance of counsel) on the merits and denying claim 4) (excessive sentence) and claim 5) (unconstitutionally constituted grand jury) based upon procedural bars. On June 23, 2004, the state district court issued an opinion denying claim 2) (failure to provide notice of intent to introduce confession) on the merits and also finding that said claim was procedurally barred. On October 6, 2004, the state district court issued an opinion denying claim 1) (failure to provide interpreter) on the merits. Thereafter, while petitioner sought appellate review of all three of the district court's adverse judgments, i.e., the district court's May 27, 2004 opinion, June 23, 2004 opinion, and October 6, 2004 opinion, his writ application, as the state appellate court specifically noted, related only "to the judgment of October 6, 2004 that denied claim number one." As such, the Louisiana Fifth Circuit Court of Appeal, in its March 21, 2005 opinion, considered only claim 1) and denied petitioner's writ application based upon its finding of "no error in the judgment of the trial court denying this claim." *See Qutoum v. Rogers*, No. 2004-KH-1311

---

[2] A copy of petitioner's May 21, 2004 post-conviction application is contained in the State rec., vol. 7 of 11.

(La. App. 5 Cir. 2005) (unpublished decision). Less than a year later, on December 9, 2005, the Louisiana Supreme Court, in connection with the Fifth Circuit's decision in No. 2004-KH-1311, issued a one-word decision denying petitioner relief. *See Qutoum v Rogers*, 916 So.2d 1054 (La. 2005).

On December 16, 2005, petitioner, through counsel, filed a federal petition for habeas corpus relief, *Ashraf Qutoum v. Jim Rogers, Warden*, Civil Action No. 05-6630 "S"(6) (E.D. La. 2004). On July 18, 2007, Judgment was entered in Civil Action No. 05-6630 dismissing said action without prejudice due to petitioner's failure to exhaust his state court remedies.

While his federal habeas petition, No. 05-6630, was pending, petitioner filed two pleadings with the state district court challenging his ten-year sentence. On May 19, 2006, petitioner filed a motion for reduction of sentence which the district court denied on May 23, 2006.[3] On July 2, 2007, petitioner filed a motion seeking a clarification of the court minutes regarding the calculation of his sentence. On July 9, 2007, the state district court denied said motion.[4]

---

[3] A copy of petitioner's motion and the district court's order denying same are contained in the State rec., vol. 9 of 11.

[4] A copy of the pertinent motion and the district court's order denying same are contained in the State rec., vol. 9 of 11.

On September 13, 2007, petitioner filed, pro se, a second application for post-conviction relief with the state district court.[5] On October 10, 2007, the state district court denied petitioner's application on the procedural grounds that it was untimely under the provisions of La.C.Cr.P. art. 930.8 and it was repetitive under the provisions of La.C.Cr.P. art. 930.4.[6] Petitioner did not seek relief from this ruling.

On October 4, 2007, petitioner filed with the state district court a pleading entitled, "Legal Request and Supplement to Support my Post-Conviction Application", pursuant to which he sought, in part, an early release from custody based upon his participation in various "self-help" programs.[7] On October 19, 2007, the state district court denied petitioner relief.[8] Petitioner did not seek relief from this ruling.

---

[5] A copy of petitioner's pro se post-conviction application is contained in the State rec., vol. 9 of 11.

[6] In its October 10, 2007 Order, a copy of which is contained in the State rec., vol. 10 of 11, the state district court mistakenly represents that petitioner's post-conviction application was filed July 2, 2007. However, a review of the pertinent application clearly reflects that petitioner signed his application on September 13, 2007. As provided under *Causey v. Cain*, 450 F.3d 601, 604-607 (5th Cir. 2006), the date a petitioner signs his state court pleading is considered to be the filing date of said pleading for purposes of determining the timeliness of his federal habeas application.

[7] A copy of petitioner's "request" is contained in the State rec., vol. 10 of 11.

[8] A copy of the district court's October 19, 2007 Order is contained in the State rec., vol. 10 of 11.

On November 28, 2007, petitioner filed the instant application for federal habeas corpus relief. The State, in its response (rec. doc. 10), contends that petitioner's federal habeas petition is time-barred. For the reasons set forth below, the Court agrees.

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),[9] a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254. This one-year period generally commences to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (West 2009). Petitioner's time for seeking direct review expired on August 28, 2003. Thus, under the clear language of the statute, petitioner had a year from that date, until August 28, 2004, to timely seek federal habeas corpus relief. The instant action was not filed until November 28, 2007, over three years after prescription expired. Thus, this action must be dismissed as untimely unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

---

[9] The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

In this case, petitioner filed his first state post-conviction application on May 21, 2004, thereby suspending the running of prescription. At that point, 266 days of petitioner's 365-day statute of limitations had expired.

Petitioner's first state post-conviction proceeding remained pending and continued to suspend prescription until December 9, 2005, when the Louisiana Supreme Court denied petitioner post-conviction relief. Seven days later, on December 16, 2005, petitioner filed his first federal habeas corpus application. However, a federal habeas proceeding "is not an application for 'State post-conviction or other collateral review' within the meaning of §2244(d)(2)" and, as such, does not toll the AEDPA's one-year statue of limitations. *Spears v. Tappin*, 2008 WL 3849900, *1 (M.D. La. Aug. 14 2008) (citing *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001)); *see also In re Johnson*, 2009 WL 1158812, *2 (5th Cir. Apr. 30, 2009) (*per curiam*) ("Johnson's federal habeas petition does not toll the [AEDPA's] statute of limitations."). It was not until May 19, 2006, when petitioner filed a motion for reduction of sentence with the state district court, that petitioner again sought state collateral review and again suspended prescription. By that date, however, it was too late. Petitioner's one-year statute of limitations expired approximately two months earlier, on March 20, 2006. Accordingly, the instant matter is time-barred absent a basis for equitable tolling.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806 (5th

Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999)).  It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

Petitioner offers no basis for equitably tolling prescription nor has this Court's review of the record uncovered any such basis.  Accordingly;

## **RECOMMENDATION**

It is hereby **RECOMMENDED** that petitioner's application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*,

79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 29th day of _____July_____, 2009.


_____
LOUIS MOORE, JR.
United States Magistrate Judge